UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GEORGE WARE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-11-251 |
| | § | |
| DAVID ROURKE, GALVESTON POLICE | § | |
| DEPARTMENT, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendant police officers', David Rourke, Rene Vela and Thomas Maffei, joint motion for summary judgment, brought pursuant to Federal Rule of Civil Procedure 56.  Also before the Court are the responses of the *pro se* plaintiff and his attorney, and a motion for continuance to conduct discovery.  The Court has completed a review of the motion for summary judgment the responses and the proffered exhibits and determines that the defendants' motion for summary judgment should be granted and the motion for continuance denied.

**II.**

On or about February 3, 2011, Galveston Police officers attempted to stop the plaintiff because they were of the view that he had sold and/or was in possession of illegal drugs.  Police officers' video-recordings reveal that the officers pursued the plaintiff at high speeds in and through residential neighborhoods in Galveston in an attempt to stop the vehicle that the plaintiff was driving.

It is undisputed that the plaintiff wrecked his vehicle during the chase.  When officers approached the plaintiff, they found that he was locked in and refused to open the door.  The

officers state in their report(s) and the plaintiff disputes, that the plaintiff was seen "ingesting pills from a brown paper bag."  Officers then removed the window glass from the door, at which time the officers report that the plaintiff "threw the brown bag out the window . . . onto the street where white pills spilled . . . into the street."

When the plaintiff began to exit his vehicle, Officer Maffei reported that the plaintiff's movements were not consistent with surrender; therefore, he struck the plaintiff's left forearm with his baton.  According to Officer Maffei, the plaintiff's reaction caused other officers to join in the attempt to subdue the plaintiff.  The plaintiff is accused of resisting arrest while the officers were attempting to get the plaintiff to the ground so that handcuffs could be applied.  Several officers then engaged in a tussle, using batons until they were successful in getting the plaintiff to the ground and handcuffing him.  Afterwards, the officers called for an ambulance, and the plaintiff was transported to the University of Texas Medical Branch hospital for evaluation and treatment.  Office Hirst photographed the plaintiff's body where he claimed injuries.  Other officers recovered hydrocodone at the scene and on the street where they claim the plaintiff had pitched it.

Subsequently, the plaintiff was charged with, reckless driving, evading arrest in a motor vehicle, resisting arrest, possession of a controlled substance and tampering with evidence by attempting to swallow the hydrocodone.

In a handwritten statement responding to the defendants' motion for summary judgment, the plaintiff asserts that:  (a)  no hydrocodone [illegal drug] was found in his urine or blood; (b) the officers had no probable cause to arrest him; (c) the officers planted the drugs at the scene; (d) the officers tampered with the video-taping such that a full disclosure of events at the scene of the occurrence is not recorded; (e) he did not resist arrest, yet the officers used excessive

force, assaulting him during the arrest; and (f) the officers stole $539.00 from his wallet.  After filing his response, the plaintiff engaged counsel and counsel filed a subsequent response request for a continuance of the Court's consideration of the defendants' motion for summary judgment until discovery is conducted.

## III.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  *Id.*  If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted.  *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006).  Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."  Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164.  To sustain the burden, the nonmoving party must produce evidence admissible

at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).  In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## IV.

Essentially, the plaintiff asserts claims against officers of the Galveston Police Department that:  (a) the officers used excessive force in effecting his arrest; (b) the officers stole $539 from his wallet; and (c) the officers lacked probable cause to stop him.  The Court will address these claims in turn.

### -A-

In order for the plaintiff to establish that the force used against him on the occasion of his arrest was excessive, the plaintiff must present evidence that he suffered an injury that resulted directly and only from the use of force that was clearly excessive to the need.  *See Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009).  Such force must be determined to be "clearly unreasonable." *Deville*, 567, F.3d at 167; *See also Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009).  A use of force must be judged from the perspective of a reasonable officer on the scene.  *See Ornelas v. United States*, 517 U.S. 690, 699-700 (1996).

In the case at bar, the plaintiff's allegations of force include claims that he was struck on the head on several occasions, and choked by an officer while other officers searched his mouth for drugs.  Neither of these allegations, and the factual support for them, rises to the level of using "unreasonable excessive force."  The facts reveal, and the plaintiff admits, that he fled from the police officers at a time when they were attempting to stop and arrest him because they

believed that he was involved in a drug transaction.  The plaintiff's excuse for fleeing was that he "ran from the unmarked van because the (*sic*) displayed these weapons on me at a stop sign."

When the plaintiff wrecked his vehicle and came to a stop, after a high speed chase, officers were still unable to persuade the plaintiff to unlock the door and exit the vehicle.  It therefore became necessary for the officers to remove the glass window from the door.  During this time the plaintiff appeared to be ingesting drugs that the officers believed were part of their investigation.  It logically follows that when the officers were able to persuade the plaintiff to exit the vehicle so that they could commence their search, they would attempt to prevent the plaintiff from swallowing the evidence.

The plaintiff does not present evidence that he sustained a physical injury beyond those received during the officers' attempts to subdue him.  In fact, the officers took photographs of the areas where the plaintiff complained or could complain that he sustained an injury.  In spite of the plaintiff's protestation that the officers were not authorized to take these photographs, the plaintiff has not presented any photographs or medical reports of his own that support the first element of proof—that he suffered an injury.  *See Deville*, 567 F.3d at 167.

Qualified immunity protects governmental officials, such as police officers, "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982).  The undisputed evidence shows that the officers' conduct on the occasion was "objectively reasonable" and consistent with police officers conduct when attempting to effect an arrest and seizure of drugs.  *See Hampton v. Oktibbeha Cnty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007).  In the case at bar, qualified immunity applies to the officers' conduct.

Therefore, the Court is of the opinion that the plaintiff's pleadings and proffers of proof fail to establish his claim of excessive force in violation of the Fourth Amendment.

**-B-**

Next, the plaintiff contends that the police officers "stole $539 from his wallet."  Of course, the context of this claim is the arrest, search and seizure of drugs.  Neither the plaintiff nor the defendant adequately address this claim.  Nevertheless, the claimed conduct does not violate a federal statutory or constitutional right that the plaintiff has.  To the extent that the plaintiff's allegation has merit, it is simply a claim to recover property seized or for conversion.  There is no federal statutory or constitutional right to retain one's possessions after an arrest has been effected.  Moreover, the state courts are the proper venue for resolving disputes of this nature.  Therefore, the Court dismisses this claim without prejudice to its merits.

**-C-**

Finally, the plaintiff asserts that the officers lacked probable cause to stop, search and arrest him.  The undisputed facts show otherwise.  Officers are permitted to make lawful stops to investigate an individual and his circumstances based on reasonable suspicion.  *See Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 5th Cir. 2000).  The facts show that when the officers sought to pull the plaintiff's vehicle over, he fled the scene, causing a high speed chase to ensue.  Whether the plaintiff was in possession of drugs or not, at this point probable cause was established.

The plaintiff claims that the "possession of drugs" and "reckless driving" charges were dismissed, suggesting that there is no merit to the officers' case against him.  However, the

plaintiff was also charged with committing the offenses of (a) resisting arrest; (b) evading arrest in a motor vehicle; and (c) tampering with evidence by attempting to swallow the drugs.  Hence, the officers' suspicions that the plaintiff was involved in drug trafficking need not be confirmed. The plaintiff's claim that the officers lacked probable cause to stop and arrest him is unmeritorious.

**V.**

After a careful review of the undisputed facts, the Court is of the opinion and concludes, having viewed the evidence in a light most favorable to the plaintiff, that there is no actual controversy from which a material disputed fact issue arises.  *See Anderson*, 477 U.S. at 247-48. Therefore, summary judgment is appropriate.

It is ORDERED that the defendants' motion for summary judgment be, and it is hereby, Granted.

SIGNED at Houston, Texas this 13th day of March, 2012.

Kenneth M. Hoyt
United States District Judge